# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN STARK, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-11-CA-588-SS | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Dept. of § | | |
| Criminal Justice-Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas, in

cause no. 09-1664-K368. Petitioner was charged, as a repeat offender, with possession/ transportation of a chemical used to manufacture a controlled substance. On March 2, 2010, Petitioner entered a plea of guilty pursuant to a plea agreement, and punishment was assessed at fifteen years imprisonment.

On October 7, 2010, Petitioner filed a state application for habeas corpus relief. Ex parte Stark, Appl. No. 75,425-01 at 4. On March 2, 2011, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Id. at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     Petitioner's plea was involuntary; and

2.     Trial counsel rendered ineffective assistance of counsel by coercing, manipulating, and threatening him into an involuntary plea.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Id.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of Supreme Court cases to obtain deference under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

3

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41. Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The provisions of § 2254(d)(2), which allows the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That sections states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.     Guilty Plea**

Petitioner challenges the voluntariness of his guilty plea. Petitioner asserts his guilty plea was involuntary because he was incompetent to stand trial and because his counsel coerced, threatened, and manipulated him into accepting the plea bargain.

To be valid, a guilty plea must be voluntary, knowing and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." Matthew v. Johnson, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. Washington, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew, 201 F.3d at 365 (quoting Brady v. United States, 397 U.S. 742, 750, 90 S. Ct. 1463 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." Id. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973); see also U.S. v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." Argersinger v. Hamlin, 407 U.S. 25, 34, 92 S. Ct. 2006 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic

6

choice that rests within counsel's professional judgment. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's ineffective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

There is no evidence in this case that Petitioner did not have a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea. Petitioner presented no evidence to the state court that his medication made him incompetent to enter a plea of guilty or counsel coerced him into pleading guilty. During the guilty plea hearing, the trial court asked Petitioner if he had ever been treated for any mental illness. See Respondent's Exhibit A at 3. Petitioner responded he had been treated for depression the previous year and was still on medication. Id. Petitioner affirmed he was getting his medication regularly in jail. Id. Counsel informed the trial court he believed Petitioner understood the nature and consequences of his plea and was competent to stand trial. Id. Petitioner confirmed counsel had fully advised him as to the law and facts regarding his case and had done a good job. Id. at 8. The trial court found Petitioner mentally competent and that his plea was free and voluntary. Id. at 7.

In addition, Petitioner's counsel provided an affidavit to the trial court in response to Petitioner's state application for habeas corpus relief. Ex parte Stark, Appl. No. 75,425-01 at 31. Counsel averred that Petitioner never indicated to him that he was having trouble understanding the proceedings. Id. Counsel further averred that Petitioner appeared lucid and aware of the proceedings. Id. Counsel stated he did not request a psychological evaluation because he observed

7

no signs of mental illness. Id. In addition, counsel averred he never raised his voice to Petitioner, did not threaten Petitioner, and did not scare Petitioner in any manner to accept the plea bargain. Id. The state habeas court issued detailed findings of fact and conclusions of law with regard to Petitioner's claims. Id. at 27-30. The trial court found Petitioner's counsel reliable and credible. Id. at 27. In addition, the court found that counsel was able to negotiate a plea agreement with the State whereby Petitioner would serve 15 years, rather than the possible 99 years or life he faced. Id. The trial court concluded Petitioner was not entitled to habeas corpus relief because he did not show counsel's performance was deficient or that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Id. at 29. The trial court further concluded Petitioner failed to show by a preponderance of the evidence that his plea was the product of threats, misrepresentations, or improper promises. Id. at 30. The trial court finally concluded Petitioner's plea was entered voluntarily. Id.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

9

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE